IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SSC8, LLC and WMAC 2014, LLC,

     Plaintiffs,

v.                                  Case No.:  8:22-cv-289-VMC-AAS

SALLY L. DANIEL, in her official
capacity as Hernando County Tax
Collector, LISA CULLEN, in her
official capacity as Brevard County
Tax Collector, DAVID W. JORDAN,
in his official capacity as Lake County
Tax Collector, BRUCE VICKERS, in
his official capacity as Osceola County
Tax Collector, J.R. KROLL, in his
official capacity as Seminole County
Tax Collector, CHRIS CRAFT, in his
official capacity as St. Lucie County
Tax Collector, and WILL ROBERTS,
in his official capacity as Volusia
County Tax Collector,

     Defendants.

_____/

**DEFENDANT OSCEOLA COUNTY TAX COLLECTOR'S AND
DEFENDANT VOLUSIA COUNTY TAX COLLECTOR'S MOTION TO
DISMISS AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Rule 3.01,

Local Rules of the Middle District of Florida, Defendant BRUCE VICKERS,

Osceola County Tax Collector, and WILL ROBERTS, Volusia County Tax

Collector, (hereafter "Defendants"), by and through their attorney, Young Qualls, P.A., move to dismiss Plaintiffs' Complaint.

In support, Defendants submit this Memorandum of Law which is being filed contemporaneously with this motion.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

### PRELIMINARY STATEMENT

Plaintiffs contend the current bidding policies for the sale of tax certificates deprive Plaintiffs of substantive due process, violate Equal Protection under the 14th Amendment, and violate Florida law by the method of tie-breaking and the deposit structure for those persons registering to bid for tax certificates. Plaintiffs make these assertions based on speculation without substantive evidence and therefore, Defendants move to dismiss.

### BACKGROUND

Defendant Tax Collectors are the state constitution's officers in and for their respective county political subdivisions. The state constitution county office of Tax Collector is created and established by Article VIII, Section 1(d) of the Florida Constitution. These constitution-created officers carry out state work at the local level based upon the legislative direction provided by Florida Statutes. Additionally, the state constitution's tax collectors created

in and by article VIII, section 1(d) possess the plenary power of sovereign office delegated from the people. *Alachua County v. Powers,* 351 So. 2d 32, 42 (Fla. 1977) (citing *State v. Sheats,* 83 So. 508, 509 (Fla. 1919)) and holding that "a county officer pursuant to Article VIII, Section 1(d), Florida Constitution . . . is delegated a portion of the sovereign power," and that such officer "is responsible for the effective operation of his office").

Defendants are charged with selling tax certificates for delinquent real property taxes and non-ad valorem special assessments. *§ 197.432* Fla. Stat. (2021). The tax collector shall accept bids in even increments and in fractional interest rate bids of one-quarter of 1 percent only. *Id. § 197.432(6)* Fla. Stat. (2021). If multiple bidders offer the same lowest rate of interest, the tax collector shall determine the method to select the bidder to whom the certificate will be awarded. *Id.* An acceptable method is the "random number generator" which is defined as, "a computational device that generates a sequence of numbers that lack any pattern and is used to resolve a tie when multiple bidders have bid the same lowest amount by assigning a number to each of the tied bidders and randomly determining which one of those numbers is the winner." *§ 197.102(1)(e)* Fla. Stat. (2021). The Tax Collectors must award the certificate to the person who will bid the lowest rate of interest and pay the required taxes, fees and costs. *§ 197.432(6)* Fla. Stat.

(2021). Florida law defines person as "groups" and "syndicates" in addition to "partnerships." *§ 1.01(3),* Fla. Stat. (2021).

The Legislature directed Defendant Tax Collectors to determine whether to conduct the sale of tax certificates through live auctions or to use an "alternative method" to sell tax certificates electronically. Fla. H. Comm. On Fin. & Tax, C.S. for HB267 (2003) staff analysis (March 4, 2003) *available at* Fla. Dept. of State, Fla. State Archives, Tallahassee, Fla.). Florida Law recognizes that this alternative method may have some anticompetitive effects. *Id.* at 3 ("Those persons having an electronic capability available might benefit to a greater extent than those who do not"). It is widely recognized that the "grant of a general power to a public officer or board, unaccompanied by definite directions as to how the power or authority is to be exercised, implies a right to employ the means and methods necessary to comply with the statute." Op. Att'y Gen. Fla. 2004-27(2004).

As stated *infra*, Florida statutes define the random number generator used for breaking tie-bids. Plaintiffs assert that the random number generator stifles competition and provides no benefit to delinquent taxpayers or taxing authorities. Plaintiffs claim this process deprives them of substantive due process, insisting a protectable interest exists in winning tax certificates through a random number generator and that the Defendants use of such constitutes an arbitrary and capricious exercise of power, having no

Page 4 of 25

rational relationship to any legitimate government interest. Complaint ¶37, ¶38. Further, Plaintiffs suggest the current tax certificate sale policies, which allow all persons to bid, discriminate unlawfully against Plaintiffs and therefore violate the Equal Protection Clause of the 14th Amendment. Complaint ¶46. Lastly, Plaintiffs assert that the current bidding policies violate Florida Law through use of an "unacceptable method" of selecting a winner in the event of a tie and that Defendants require unreasonable deposits by allowing groups to place one deposit covering the entire group. Therefore, the Plaintiffs ask to preliminarily and permanently enjoin Defendants from allowing certain group persons from participating in Florida Tax Certificate sales.

## ARGUMENT

## I.   PLAINTIFFS LACK STANDING FOR FAILURE TO STATE A PARTICULARIZED, CONCRETE INJURY, AND REDRESSABLE INJURY

The U.S. Constitution extends jurisdiction to the federal courts only over "cases" and "controversies." U.S. Constitution, Article III, Section 2, Clause 1. The Supreme Court has held that the "irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered an "injury-in-fact" which is both: (a) "concrete and particularized"; and (b) "actual or imminent, not conjectural or hypothetical." *Id*. (internal quotation

marks omitted). Second, a plaintiff must establish a "causal connection" between the injury and the defendant's acts. *Id*. Finally, the injury must be "likely to be redressed by a favorable decision." *Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26, 38 (1976).

A plaintiff seeking to establish standing "must clearly and specifically set forth facts" sufficient to satisfy the constitutional requirements. *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). On deciding a defendant's motion to dismiss, a federal court "must evaluate standing based on the facts alleged in the complaint, and ... may not speculate concerning the existence of standing or piece together support for the plaintiff." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001). It is not enough for a plaintiff's complaint to set forth "facts from which [a court] could imagine an injury sufficient to satisfy Article III's standing requirements." *Miccosukee Tribe of Indians of Florida v. Florida State Athletic Comm 'n*, 226 F.3d 1226, 1229 (11th Cir. 2000). Plaintiffs' Complaint lacks the factual allegations essential to establish all elements for constitutional standing.

## A.    Plaintiffs Have No Particularized Injury

To establish standing, "the injury in fact analysis requires an injury that is concrete and particularized, as well as actual or imminent." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, Inc., 528 U.S. 167, 180-81 (2000). For an injury to be particularized, it must "affect the plaintiff in a personal and

individual way." *Lujan*, at 560. Standing requires that the plaintiff has personally suffered some "actual or threatened injury." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016), as revised (May 24, 2016). The Court has also described particularized injury as "personal, individual, distinct, and differentiated —not generalized or undifferentiated." *Pub. Citizen, Inc. v. Natl. Hwy. Traffic Safety Admin.*, 489 F.3d 1279, 1292 (D.C. Cir. 2007). ("For example, a mass tort inflicts widely shared injury, and each victim suffers a particularized and differentiated harm. One tort victim suffers a burnt leg, another a burnt arm—or even if both suffer burnt arms they are different arms.... With the generalized grievance, on the other hand, the injury or deprivation is not only widely shared but it is undifferentiated.") *Id.* at 1293.

The instant case is a perfect depiction of a generalized grievance. In the Plaintiffs' Complaint, there is no mention of facts that could lead this Court to conclude that Plaintiffs suffered a "personal and individual injury." Here, Plaintiffs would like this Court to believe that the failure to win a randomized lottery bid for tax certificates rises to the level of particularity as it relates to constitutional standing. Unlike the example stated above, the "injury" that Plaintiffs are alleging is simply not winning a lottery bid, which is "widely shared but is undifferentiated" among all other bidders that do not win the lottery bid within the county tax certificate sale.

**B.    Accepting There is a Particularized and Concrete Injury, Plaintiffs Are Not Likely to Be Redressed by Favorable Outcome**

Redressability requires that Plaintiffs "demonstrate a 'substantial likelihood' that a victory would redress [their] injury." ATM Exp., 376 F. Supp. 2d at 1323. Importantly, Plaintiffs must allege that it is likely "as opposed to merely speculative" that a favorable decision will lead to the injury being redressed. *Carvalho-Knighton v. U. of S. Fla. Bd. of Trustees*, 8:14-CV-1097-MSS-TGW, 2016 WL 7666137 (M.D. Fla. Mar. 18, 2016). A party can overcome "speculative relief hurdle by demonstrating that a favorable judicial decision will more plausibly result in relief than not." *Fed. Deposit Ins. Corp. v. Morley*, 867 F.2d 1381, 1388.

In the case at bar, Plaintiffs have not provided any alleged facts that would show that a judicial order will provide likely redress to the alleged injury suffered. In the event of this Court granting preliminary and permanent injunctive relief, Plaintiffs will still have to enter into a bidding system with hopes of being awarded a tax certificate through a random number generator in the event of a tie bid.  Plaintiffs make no mention of how many other individuals regularly bid in tax certificate auctions. For example, if there are one thousand other bidders, it is far more speculative than likely that Plaintiffs will obtain redressability to their alleged injury. For these reasons, Plaintiffs have not satisfied the redressability prong of

standing, and thus does not have standing to assert a Substantive Due Process or Equal Protection violation against Defendants.

## II.   DEFENDANTS' BIDDING POLICIES DO NOT DEPRIVE PLAINTIFFS OF SUBSTANTIVE DUE PROCESS

Plaintiffs allege the bidding policies deprive them of substantive due process because those policies constitute an arbitrary and capricious exercise of power having no rational relationship to any legitimate state interest. Complaint ¶37. Further, Plaintiffs contend they have a protectable interest in winning tax certificates at tax certificate sale auctions. Complaint ¶38, ¶39. Plaintiffs fail to meet this burden by alleging, without specifying, how their due process rights were violated. Rather, Plaintiffs allege vaguely that the *random* selection process among tie bids is a sham and deprives Plaintiffs of their opportunity to be awarded their fair share of tax certificates." *Id*. This bare assertion, unsupported by factual allegations, is insufficient to substantiate a claim involving a violation of due process.

### A.   Plaintiffs Do Not Have Protected Constitutional Property Interest in How Tax Collectors Sell Tax Certificates

It is well founded that, "[S]ubstantive rights ... created only by state law are not subject to substantive due process protection under the Due Process Clause because 'substantive due process rights are created by the Constitution." *McKinney v. Pate* at 1556. Additionally, [t]he Court has always been reluctant to expand the concept of substantive due process because

guideposts for responsible decision making in this unchartered area are scarce and open-ended. The doctrine of judicial self-restraint requires us to exercise the utmost care whenever we are asked to break new ground in this field." *Baggs v. City of S. Pasadena*, 947 F. Supp. 1580 (M.D. Fla. 1996) (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 125, 112 S.Ct. 1061, 1068, 117 L.Ed.2d 261 (1992)).

In *Baggs,* property owners brought suit seeking declaratory judgment, injunctive relief, certiorari review for the denial of a variance, and civil rights claims under § 1983, after the city denied the property owners' request for a variance from a flood control ordinance. *Id.* at 1584. The Plaintiffs claimed they had a property right in obtaining a variance from the city ordinance in question. *Id.* Additionally, the Plaintiffs argued that the ordinance was created by federal law and therefore the Plaintiffs were entitled to substantive due process protection, but the Court ultimately found this argument was without merit. *Id.* In coming to this conclusion, the Court highlighted the fact that the Plaintiffs were actually claiming a property right in a variance from the ordinance, not a property right in the ordinance itself. *Id.* The District Court found that the Plaintiffs asserted no fundamental right within the substantive due process doctrine. *Id.*

In the instant case, Plaintiffs allege they have a protectable interest in purchasing tax certificates, but fail to mention that the interest is created

solely from state law.[1] Complaint ¶ 38. While Plaintiffs reference §197.603 of the Florida Statutes, Plaintiffs fail to acknowledge that the statute provides that tax collections shall be supervised by the Florida Department of Revenue.  Defendants are in full compliance with the rules and procedures promulgated by the Florida Department of Revenue, and Plaintiffs cannot assert otherwise.   This bolsters the fact that Plaintiffs' alleged property interest is a substantive right that is exclusively created and regulated by the state of Florida rather than the Constitution. As in *Baggs*, here the Plaintiffs have asserted no fundamental right within the substantive due process doctrine.

WHEREFORE, Defendant Tax Collectors respectfully request that this Court dismiss the due process claim under Count I of Plaintiffs' Complaint for failure to state a cause of action upon which relief may be granted.

**B.    Accepting as True that Plaintiffs Established a Property Interest in the Planning of Tax Certificate Sales, Plaintiffs Have Nonetheless Failed to Establish that the Bidding Policies Have Impermissibly Interfered with this Property Interest**

Assuming that a property interest exists, Plaintiffs have failed to establish that the state interfered with any such interest as required for purposes of establishing a due process claim. Plaintiffs were permitted to bid

---

[1] Count I of the Plaintiffs' Complaint lacks any support for a conclusion that the purchase of a tax certificate is a fundamental right that falls within the scope of the substantive due process doctrine. Relevantly, the only law mentioned in Count I is Florida Statute §197.603.

in the 2021 tax certificate sales and are permitted to bid in the upcoming 2022 sales. Plaintiffs admit that they and other persons utilize Employer Identification Numbers (EIN's) to bid, but claim to have suffered a constitutional deprivation due to a change in IRS Policies regarding the issuance of EIN's, which prevents Plaintiffs from obtaining and submitting as many identical bids as their competing bidders.  Complaint ¶42.

The statutory definition of "person" includes "groups" and "syndicates" in addition to "partnerships." *§ 1.01(3),* Fla. Stat. (2021). Therefore, based on the statutory definition, Plaintiffs' property interest to participate in the sale of tax certificates exists only to the extent that it be permitted to participate as a "person," as that term is defined in Florida law.  Defendants' policies do not violate the statute because Plaintiffs constitute two persons under Section 1.01(3) and are therefore both entitled to place a single bid in any tax certificate sale. Plaintiffs do not allege that they or any other persons are precluded from bidding in the tax certificate sale under the bidding policies, as is required for assertion of a due process violation.

Lastly, Plaintiffs' contention that group bidding renders the process a "sham" is without support in the law.  Group bidders are persons, as defined in statute, and are permitted to bid under Florida law. *§ 1.03(1)* Fla. Stat.  As such, there is no "sham" as alleged in the Complaint.  Florida law provides no guarantee that any person will win any portion of the tax certificates sold at

auction, and the statute provides no limitation on the number of persons that are permitted to bid.  Finally, there is no authority under Florida law to exclude persons from bidding.

Thus, even if this Court agrees with Plaintiffs' assertion that they have a vested property interest in how Defendants conduct their tax certificate sales, Plaintiffs' due process claim must nonetheless fail as Plaintiffs cannot show that Defendants have interfered with any property interest, given that Plaintiffs participate in the tax certificate sales as provided by Florida law.

## C.    The State Has a Rational Basis for Imposing the Tax Certificate Sale Process

When considering a substantive due process claim, a court must consider (1) whether the plaintiff was "deprived of a constitutionally protected property interest;" and (2) assuming a protected property interest exists, whether the deprivation of that interest was the result of "an improper motive and by means that were pretextual, arbitrary, and capricious . . . without any rational basis." *S. Fla. Taxicab Ass'n v. Miami-Dade County*, 2004 U.S. Dist. LEXIS 6730, *10-11. Under the rational basis test, the burden is on the one attacking the legislative enactment to negate every conceivable basis which supports the enactment. See *Haire v. Fla. Dep't of Agric. & Consumer Servs.*, 870 So. 2d 774, 777 (Apr. 6, 2004).

As stated in Section 197.332 Fla. Stat., the Tax Collector has a duty to collect taxes. The current process has succeeded in carrying out this duty year after year in Defendants' tax certificate sales.   Plaintiffs' repeatedly admit that the current policies successfully entice thousands of bids to be submitted at the lowest interest rate possible.  *See* Complaint ¶21, ¶22, ¶23, ¶24. These admissions prove that the Defendants' policies successfully achieve the legislative mandate of encouraging market participation to sell tax certificates at the lowest interest rate, and more than establish that the Defendants have a rational basis for the current policies.

Plaintiffs allege that the Defendants' policies discourage other bidders from participating in tax certificate sales, but that allegation is contradicted by the statistics cited in the Complaint.   Plaintiffs admit that they are permitted to register and bid for sales, so they fail to make a particularized claim that bidders are unlawfully excluded from participating in the sales. Moreover, the statistics Plaintiffs cite prove that Defendants are conducting successful sales. *Id.* Therefore, the Complaint establishes that the current policies bear a rational relationship to the government's substantial interest in the uniform collection of delinquent taxes.

**D.     Assuming Plaintiffs Have Established a Viable Due Process Claim, Plaintiffs Have Nonetheless Failed to Establish a Ripe Claim for Purposes of Judicial Consideration**

Assuming, *arguendo*, that Plaintiffs have a property interest in participating in the auctions and in winning a certain portion of tax certificates; and assuming further that Defendants' Policies interfere with that property interest, the Plaintiffs have nonetheless failed to state a due process violation. First, Plaintiffs provide no authority, nor does any exist, for the proposition that Florida law entitles any person to be awarded a certain portion of the tax certificates that are auctioned.  As such, Plaintiffs' due process claim is predicated solely on a mistaken assertion that they are entitled to receive any portion of the tax certificates that are auctioned. Florida law provides no such guarantee and Plaintiffs' claim that Defendants' policies evidence a due process violation is without support in the law.

Plaintiffs, in advancing this due process claim, have offered speculative allegations regarding the sale of tax certificates, but have failed to provide this Court with substantive evidence to support a conclusion that the Defendants' policies have deprived them of due process.  Given that Plaintiffs cannot establish a right to be awarded a specific amount of the tax certificates that are sold, Plaintiffs cannot establish a right to grieve the process by which tie bids are resolved.  In essence, Plaintiffs are inviting this Court to create a uniform grievance procedure that will be applied

throughout not only the Tax Collectors listed in this litigation, but presumably to other Tax Collectors with similar policies are currently implemented, but who are not named in this litigation. Therefore, this Court must reject Plaintiffs' invitation in this regard.

WHEREFORE, Defendants request that this Court dismiss the due process claim under Count I of Plaintiffs' Complaint for failure to state a cause of action upon which relief may be granted.

## III.   PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION FOR AN EQUAL PROTECTION VIOLATION

Plaintiffs allege the opportunity to be awarded a tax certificate is something that Defendants must, under the Equal Protection Clause of the Fourteenth Amendment, either distribute equally or have a rational reason for not doing so. Complaint ¶45. Plaintiffs contend that the Defendants' policies discriminate unlawfully between single persons like the Plaintiffs and group persons. Complaint ¶46.

### A.   Plaintiffs Fail to Identify Sufficiently a Discrete Group That Has Suffered Disparate Treatment

Courts have held that "[e]qual protection jurisprudence is typically concerned with governmental classification and treatment that affects some discrete and identifiable group of citizens differently from other groups." *Corey Airport Servs., Inc. v. Clear Channel Outdoo*r, Inc., 682 F.3d 1293, 1296 (11th Cir. 2012). Moreover, "[d]efining an 'identifiable group' that has been

discriminated against is critical to establishing a claim under the Equal Protection Clause." *Id*. at 1297 (citations omitted). In *Corey*, the plaintiff failed to "offer sufficient substantive group characteristics" and instead attempted to identify groups based on their affiliation with the City, characterizing these groups as "insiders" and "outsiders." Id. at 1298. The court rejected this classification and held that "[f]or a group to qualify properly as identifiable for the purposes of a group-based discrimination claim, the group must be identifiable by some common set of traits that reach beyond simply . . . sharing a desire to do something which the allegedly discriminating party does not want them to do." Id.

Like the plaintiff in *Corey*, Plaintiffs in this case fail to identify a group for the purposes of an equal protection claim. Defendants' Policies do not exclude any specific type of person from participating in the tax certificate sales based upon any common traits, and the Complaint contains no such allegation.  Instead, Plaintiffs attempt to allege a group-based discrimination claim on behalf of "independent bidders" who do not have a copious amount of EIN's versus "Master Bidders" who are alleged to possess a substantially greater number of EIN's. The *Corey* court specifically rejected that generally affiliated classes can establish standing for purposes of bringing equal protection. As such, Plaintiffs' Complaint fails to state a group equal protection claim as Plaintiffs have not identified a sufficiently distinct class.

Page 17 of 25

**B.     Plaintiffs Fail to Allege an Individual Equal Protection Claim**

To plead an individual equal protection violation, based upon the application of a facially neutral statute, a plaintiff must plead that "(1) the plaintiff was treated differently than similarly situation persons; and (2) the [Defendants] unequally applied the facially neutral statute for the purpose of discriminating against plaintiff." *Strickland v. Alderman,* 74 F. 3d 260, 264 (11th Cir 1996). Plaintiffs allege that the Defendants' bidding policies unlawfully disadvantage independent bidders, discourage new bidders from participating in auctions, and discriminate unlawfully between independent and master bidders by not requiring a 10% deposit for each entity submitted as part of a group. *See* Compl. ¶46, 47, 49. Plaintiffs offer these legal conclusions without any supporting factual allegations.

Plaintiffs' conclusion of discouragement is drawn merely by speculation and not by any factual allegations.  Like the lottery, there is no guarantee for any person to win in the event of a tie at any tax certificate sale, thus there is no disparate treatment in this regard. Further, the implementation of a deposit requirement is at the discretion of the Tax Collector. Section 197.342(7) Fla. Stat. states that, "The tax collector *may* require payment of a reasonable deposit from any person who wishes to bid for a tax certificate sale." There is nothing within the statute that prevents the Plaintiffs from taking advantage of the current system and submitting their bid package as

a group to make fewer deposits as well. If anything, the Complaint shows that the current policies encourage more participation by requiring fewer deposits. Therefore, Plaintiff's assertions fail to establish disparate treatment and fail to state a cause of action.

## C.      Plaintiffs' Equal Protection Claim Falls Under the Rational Basis Test

Assuming, *arguendo,* that Plaintiffs have alleged sufficiently disparate treatment, Plaintiffs have nonetheless failed to state a cause of action given that the complained of activity is rationally related to a permissible governmental purpose. When a cause of action arises under a claim for equal protection, if no suspect class or fundamental right is involved, the Court must apply the rational basis test. *See Fla. League of Cities, Inc. v. Dep't of E'nvtl Regulation,* 603 So. 2d 1363, 1369 (Fla. 1st DCA 1992). Under this analysis, a policy will not be invalidated "simply because it is not the best possible method, or the least burdensome for achieving the legislative purpose, or because there are other means available to obtain legitimate objectives." *Id.*

The rational basis test asks first, "whether the government has the power or authority to regulate the particular area in question" and, second, "whether there is a rational relationship between the government's objective and the means it has chosen to achieve it." *Leib*, 558 F.3d at 1306. In *Haves v.*

*City of Miami*, 52 F.3d 918 (11th Cir. 1995), the Eleventh Circuit broke down the second inquiry into two steps. "The first step . . . is identifying a legitimate government purpose -- a goal -- which the enacting government body could have been pursuing." Id. at 921.

Plaintiffs acknowledge within their complaint that the Tax Collector has the authority and obligation to collect delinquent property taxes on real property located within the county and to collect interest and costs by the sale of tax certificates. *See* Compl. ¶6; See also *§ 197.432* Fla. Stat.. Therefore, the first prong of the rational basis test, the goal, is satisfied.

The second step "asks whether a rational basis exists for the enacting governmental body to believe that the legislation would further the hypothesized purpose." Id. at 922. Further, it is well established that the "Equal Protection Clause does not require government decisionmakers to articulate any reason for their actions." *Haves*, 52 F.3d at 922 (citing *Beach*, 508 U.S. at 315)( *F.C.C. v. Beach Communications*, 508 U.S. 307). The legitimate governmental purpose merely has to be one "which the enacting government body could have been pursuing." Id. at 921. Thus, it is permissible to probe the full realm of hypotheticals in ascertaining whether a proper purpose exists for the challenged legislation. *Hope for Families & Cmty. Serv. v. Warren*, 721 F. Supp. 2d 1079, 1138-1139 (M.D. Ala. 2010).

The legitimate government objective involved in this matter is the selling of tax certificates. Created by the constitution, the office of Tax Collectors has been granted discretion in how to conduct these sales through the provisions of Section 197.432. *See Alachua County v. Powers; see also Sheats.* Although Plaintiffs cite to moderate success in tax certificate sales absent the bidding policies, this is an insufficient basis to invalidate these policies. Motion for Prelim. Inj. at 11. Neither the Plaintiffs' preferences nor the Court's preference regarding the best methodology by which tax certificate sales can be administered can supplant Defendants' exercise of discretion via an equal protection claim, unless it is shown that the policies are not rationally related to the legitimate governmental interest at issue. Plaintiffs' pleadings fail to reach that threshold.

WHEREFORE, Defendant Tax Collectors respectfully request that this Court dismiss Plaintiffs' equal protection claim for failure to state a cause of action.

## IV.   THE CURRENT TIE-BREAKING METHOD DOES NOT VIOLATE FLORIDA LAW

Plaintiffs allege the Defendants' method of selecting the winning bidder in the event of a tie violates Section 197.432(6) FL. Stat. given that Defendants allow affiliated bids to be submitted by a master bidder. Complaint ¶57, ¶58. Plaintiffs are essentially arguing that it is unlawful to

allow another bidding group to have more lottery tickets during the tiebreaking process.  Section 197.432(6) states that, "[E]ach certificate shall be awarded to the person who will pay the taxes, interest, cost, and charges and will demand the lowest interest rate . . ." The statute states further that the tax collectors shall determine the winner in the event of a tie-bid and that the use of a random number generator is an acceptable method of selecting a winner. *Id.* Persons under Florida law include "groups" and "syndicates" in addition to partnerships. *§ 1.01(3),* Fla. Stat. (2014).  Plaintiffs fail to allege how the Defendants' policies violate that or any other law.

WHEREFORE, Defendant Tax Collectors respectfully request that this Court dismiss Plaintiff's claim for failure to state a cause of action.

## V.   THE EIN DEPOSIT REQUIREMENT DOES NOT VIOLATE FLORIDA LAW

Plaintiffs allege that because Defendants require Plaintiffs and other bidders to make a deposit of at least 10% of their intended purchases, but do not require group bidders to submit such deposits, their policies violate § 197.432(7), Fla. Stat.  Plaintiffs likewise claim that the deposit requirement is not reasonable and violates IRS policies. Complaint ¶63. Nothing in Florida law requires tax collectors to determine whether bidders are utilizing EINs in accordance with IRS policy.  EINs identify a person or group for purposes of the statute and nothing more.  *See § 1.03* Fla. Stat. Nowhere in

Florida law is there a requirement that tax collectors must follow IRS policies while conducting tax certificate sales, and there is no statutory means for tax collectors to police the use of EINs. An employer identification number is a nine-digit number assigned by the IRS for the purpose of, "identify[ing] the tax accounts of employers and certain others who have no employees. The IRS uses the number to identify taxpayers who are required to file various business tax returns. EINs are used by employers, sole proprietors, corporations, partnerships, non-profit associations, trusts, estates of decedents, government agencies, certain individuals, and other business entities." *Topic No. 755 Employer Identification Number (EIN) How to Apply,* IRS (Jan. 25, 2022), https://www.irs.gov/taxtopics/tc755

Section 197.342(7) Fla. Stat. grants Defendants broad discretion to require "reasonable" deposits from persons desiring to participate in tax certificate sales. The bidding policies treat all persons equally. First, the policies require individual bidders to place a 10% <u>minimum</u> deposit. Second, the policies allow a group of persons to submit one deposit covering the entire group. As stated *infra*, Plaintiffs could form a group and place one deposit. Finally, the policies allow every person to bid on an unlimited number of certificates. As was discussed previously, the bidding policies do not prevent Plaintiffs from participating as a group bidder and making a single 10% deposit, and Plaintiffs are likewise permitted to bid on as many certificates as

Page 23 of 25

they wish just like any other person.  Given that all bidders are provided the opportunity to participate as a group, these Plaintiffs cannot allege that the current policies violate Florida Law.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court dismiss the entire complaint with prejudice.

## LOCAL RULE 3.01(g) CERTIFICATION

Undersigned counsel hereby certifies that the movants have conferred with the opposing party, and the opposing party objects to the relief requested.

DATED:  March 7, 2022

Respectfully submitted,

_____
TIMOTHY R. QUALLS, ESQ.
Florida Bar Number 15658
Young Qualls, P.A.
216 South Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 222-7206
Primary Email:  tqualls@yvlaw.net
Secondary Email: stalevich@yvlaw.net;
*Attorney for Defendant Tax Collectors,*
*Bruce Vickers and Will Roberts*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was

served via CM/ECF on all parties of record on this 7th day of March, 2022.

_____
TIMOTHY R. QUALLS, ESQ.
Florida Bar Number 15658