UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SSC8, LLC and WMAC 2014, LLC,

    Plaintiffs,

v.

Case No: 8:22-cv-289-WFJ-AAS

SALLY L. DANIEL, in her official capacity as Hernando County Tax Collector; DAVID W. JORDAN, in his official capacity as Lake County Tax Collector; BRUCE VICKERS, in his official capacity as Osceola County Tax Collector; J.R. KROLL, in his official capacity as Seminole County Tax Collector; CHRIS CRAFT, in his official capacity as St. Lucie County Tax Collector; and WILL ROBERTS, in his official capacity as Volusia County Tax Collector,

    Defendants.
_____/

## ORDER

This matter comes before the Court on two motions to dismiss Plaintiffs SSC8, LLC and WMAC 2014, LLC's complaint, Dkt. 1. Defendants Osceola County Tax Collector Bruce Vickers and Volusia County Tax Collector Will Roberts filed a Motion to Dismiss, Dkt. 48, which was joined by Defendants Seminole County Tax Collector J.R. Kroll, Dkt. 49, Hernando County Tax Collector Sally L. Daniel, Dkt. 50, and St. Lucie County Tax Collector Chris Craft,

Dkt. 51 (collectively, "Joint Defendants"). Defendant Lake County Tax Collector David W. Jordan filed a separate Motion to Dismiss, Dkt. 52. Plaintiffs submitted a response in opposition to both motions, Dkt. 60. The Court also received cogent oral argument from the parties on March 23, 2022. Upon careful consideration, the Court denies Defendants' motions.

## BACKGROUND

Plaintiffs are companies that bid on tax certificates auctioned by Defendants. Dkt. 1 ¶¶ 3–4. A tax certificate, or tax lien, is a statutory lien that attaches to real property owned by a delinquent taxpayer, thereby securing the delinquent real property taxes. *Id.* ¶ 6. At Defendants' auctions, tax certificates are sold to the bidder that agrees to pay the delinquent tax balance and is willing to receive the lowest interest rate on an effort to redeem by the real property owner. *Id.* ¶ 7. In the event of tied bids, Defendants use a random number lottery to select a bidder to receive the tax certificate. *Id.* ¶¶ 11–12.

Plaintiffs contend that, though the random number lottery is meant to ensure each tied bidder has an equal chance of being awarded the tax certificate, Defendants have established group bidding rules in their counties that give an unfair advantage over individual bidders to those known as "master bidders." *Id.* ¶¶ 12–14. Plaintiffs assert that these rules allow a master bidder to replicate itself by creating as many as hundreds of thousands of subsidiary "sham entities" for the

sole purpose of bidding on tax certificates. *Id.* ¶¶ 14, 14 n.1. Because a master bidder's subsidiary entities flood auctions with bids, Plaintiffs contend that Defendants' resolution of ties via the current lottery system will almost always result in the master bidder receiving the tax certificate. *Id.* ¶ 14.

According to Plaintiffs, the only thing that Defendants require of a master bidder's subsidiary entity in order to bid as a legitimate "person" in tax certificate auctions is an Employer Identification Number ("EIN") from the IRS. *Id.* ¶ 15. Plaintiffs contend that this practice contravenes IRS guidance, as the IRS website states that "Employer Identification Numbers are issued for purposes of tax administration and are not intended for participation in any other activities (e.g., tax lien auction sales, lotteries, etc.)." *Id.* ¶ 17.

Additionally, Plaintiffs allege that Defendants' group bidding rules impose an unreasonable deposit requirement. *Id.* ¶ 19. Prior to placing a bid, Defendants supposedly require every bidder to pay a deposit equal to 10% of the bidder's intended purchase. *Id.* Plaintiffs state that, though Defendants treat a master bidder and its subsidiary entities as distinct persons for purposes of submitting bids, Defendants do not require them to pay separate deposits for each bid. *Id.* Rather, a master bidder must only pay one deposit to cover its aggregated bids. *Id.* Plaintiffs contend that this results in a master bidder and independent bidder having to pay the same deposit amount for the same intended purchase value despite the master

3

bidder submitting many more bids than the independent bidder. *Id.*

Based on the above, Plaintiffs filed a four-count complaint against Defendants. In Count One, Plaintiffs bring a 42 U.S.C. § 1983 claim alleging a substantive due process violation. *Id.* ¶¶ 36−43. Count Two is a second § 1983 claim, in which Plaintiffs assert a violation of the Fourteenth Amendment's Equal Protection Clause. *Id.* ¶¶ 44−53. In Count Three, Plaintiffs claim that Defendants' lottery system violates section 197.432(6), Florida Statutes. *Id.* ¶¶ 54−59. Lastly, Count Four alleges that Defendants' deposit requirement violates section 197.432(7), Florida Statutes. *Id.* ¶¶ 60−63. Plaintiffs ask that this Court issue preliminary and permanent injunctions enjoining Defendants from enforcing their group bidding rules and to further declare those group bidding rules as violative of the United States Constitution and Florida law. *Id.* ¶ 64.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Joint Defendants move to dismiss Plaintiffs' complaint for failure to state a claim. Dkt. 48. In his separate motion seeking dismissal under Rule 12(b)(6), the Lake County Tax Collector also asserts that Plaintiffs' complaint is a vague and conclusory shotgun pleading that fails to comport with Rules 8 and 10. Dkt. 52.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is plausible on its

face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not require detailed factual allegations but demands more than an unadorned accusation. *Id.* A plaintiff's complaint must also "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion to dismiss, a complaint's factual allegations are accepted as true and construed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

## ANALYSIS

Under the *Twombly-Iqbal* pleading standard, Defendants' motions to dismiss must be denied. Assuming the allegations set forth in Plaintiffs' complaint are true, as this Court must at this stage, Plaintiffs have stated a plausible claim for relief. Contrary to the Lake County Tax Collector's assertion that the complaint is a vague shotgun pleading, the complaint makes obvious the basis of Plaintiffs' claims. It is readily apparent to the Court and Defendants that Plaintiffs' claims concern Defendants' group bidding rules that give master bidders both an advantage over independent bidders in random number lotteries and favorable treatment regarding deposit requirements.

While Plaintiffs have filed a motion for a preliminary injunction against Defendants, Dkt. 2, the Court cannot rule on that motion absent more facts from the parties. Recognizing that this matter needs a swift resolution, the parties shall

5

have **ninety (90) days** to engage in discovery, which should commence now. Additional relevant pleadings, including motions for summary judgment, are due by **July 15, 2022**. The Court will hold a hearing on the preliminary injunction motion and any summary judgment motions on **August 15, 2022**.

## CONCLUSION

Accordingly, the Court **DENIES** Joint Defendants' Motion to Dismiss, Dkt. 48, and Defendant Lake County Tax Collector David W. Jordan's Motion to Dismiss, Dkt. 52. Defendants shall answer Plaintiffs' complaint within **ten (10) days**.

**DONE AND ORDERED** at Tampa, Florida, on March 25, 2022.

/s/ William F. Jung
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record