UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SSC8, LLC and WMAC 2014, LLC,

    Plaintiffs,

v.                                                  Case No: 8:22-cv-289-WFJ-AAS

SALLY L. DANIEL, in her official capacity as Hernando County Tax Collector; DAVID W. JORDAN, in his official capacity as Lake County Tax Collector; BRUCE VICKERS, in his official capacity as Osceola County Tax Collector; J.R. KROLL, in his official capacity as Seminole County Tax Collector; CHRIS CRAFT, in his official capacity as St. Lucie County Tax Collector; and WILL ROBERTS, in his official capacity as Volusia County Tax Collector,

    Defendants.
_____/

**ORDER DENYING PRELIMINARY INJUNCTION**

This matter comes before the Court on Plaintiffs SSC8, LLC and WMAC 2014, LLC's Motion for Preliminary Injunction. Dkt. 2. The Court received cogent oral argument from the parties on September 22, 2022, after which the parties filed post-hearing briefs. Dkts. 112 & 113. Upon careful consideration, the Court denies Plaintiffs' motion.

Plaintiffs are companies that bid on tax certificates at Defendants' auctions

that take place in May and June of each year. Dkt. 2 at 3, 5. In the event of tied bids, Defendants use a random number lottery to select a winning bidder. *Id.* at 3. However, because Defendants' group bidding guidelines permit "master bidders" to flood auctions with hundreds of thousands of identical bids through "sham" affiliates, the random number lottery almost always results in a master bidder winning a given tax certificate. *Id.* at 3−4. Plaintiffs therefore seek a preliminary injunction ordering Defendants to abandon their group bidding guidelines. *Id.* at 4.

  A district court may issue a preliminary injunction where a movant demonstrates: (1) a substantial likelihood of success on the merits; (2) that the movant will suffer irreparable harm absent a preliminary injunction; (3) that the threatened irreparable harm to the movant outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the preliminary injunction would not be adverse to the public interest. *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003).

  While certain factors weigh in Plaintiffs' favor, Plaintiffs are unable to establish that they would suffer irreparable harm without their desired preliminary injunction. As Defendants noted at the hearing, Defendants' next tax certificate auctions will take place in May and June 2023, and this case is set for trial in April 2023. Given Plaintiffs have stated that the abandonment of group bidding guidelines would be a relatively simple process for Defendants to undertake, it

follows that if Plaintiffs are to succeed at trial in April 2023, Defendants will have enough time to comply with a court order directing them to abandon their group bidding guidelines before their next auctions. Defendants made this point clear at the hearing. Moreover, to the extent that Plaintiffs cite a potential for monetary harm in the absence of a preliminary injunction, monetary harm is not an irreparable injury. *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987). With Plaintiffs having failed to demonstrate irreparable harm, a preliminary injunction may not be issued.

For these reasons, Plaintiffs' Motion for Preliminary Injunction is **DENIED**. The Court otherwise expresses no opinion on the merits of Plaintiffs' claims.

**DONE AND ORDERED** at Tampa, Florida, on October 4, 2022.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record