UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SSC8, LLC, and WMAC 2014, LLC,

    Plaintiffs,

v.   Case No: 8:22-cv-289-WFJ-AAS

SALLY L. DANIEL, Hernando County
Tax Collector; DAVID W. JORDAN,
Lake County Tax Collector; Bruce
VICKERS, Osceola County Tax
Collector; J.R. KROLL, Seminole County
Tax Collector; CHRIST CRAFT, St. Lucie
County Tax Collector; and WILL
ROBERTS, Volusia County Tax Collector,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Defendant Lake County Tax Collector David W. Jordan's Proposed Bill of Costs, Dkt. 167, and Memorandum in Support, Dkt. 169. Plaintiffs SSC8, LLC, and WMAC 2014, LLC responded in opposition. Dkt. 170. Upon careful consideration, the Court grants-in-part and denies-in-part Defendant Jordan's proposed costs.

# ANALYSIS

As a prevailing party in this action, Defendant Jordan seeks for an award of costs pursuant to Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920. Rule 54(d)(1) provides that costs "should be allowed to the prevailing party" unless a federal law, federal rule, or court order provides otherwise. As the Eleventh Circuit has explained, there is a "strong presumption" that a prevailing party will be awarded costs under Rule 54(d). *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (per curiam) (quoting *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007)).

Costs that may be awarded are those explicitly authorized by statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Section 1920 authorizes the taxation of the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

To recover costs, the prevailing party must present adequate evidence to enable a court to determine the specific costs incurred. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994) (per curiam). Upon a sufficient showing by the prevailing party, the opposing party "must overcome" the strong presumption in favor of awarding costs. *See Mano Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991).

Here, Defendant Jordan seeks to recover $3,446.34 in costs. Dkt. 167. The affidavit of Defendant Jordan's attorney includes the following cost-breakdown:

| | |
|---|---|
| UPS – check to Attorney Middleton for transcript of Bob McKee in prior case | $31.67 |
| Robert Law – Copy of deposition of Bob McKee in prior case | $300.00 |
| Charles W. Ross: 8/18/22 Mediation fee | $1,110.00 |
| Transcript of Injunction hearing | $309.75 |
| USB Flash drives for exhibits at trial | $23.53 |
| Costs of making copies of any material where the copies are necessarily obtained for use in the case | $894.15 |
| Veritex, LLC: Deposition transcript of David W. Jordan | $777.24 |
| **TOTAL** | $3,446.34 |

Dkt. 169-1 at 2. For analysis purposes, the Court will separate these costs into three categories: transcript costs, copying costs, and other costs. *See* Dkt. 167.

I. **Transcript Costs**

Defendant Jordan seeks to recover $1,386.99 in transcript costs. Dkt. 167. This total includes a copy of this Court's preliminary injunction hearing transcript ($309.75), a transcript of former Lake County Tax Collector Bob McKee's deposition taken in a prior case ($300.00), and the deposition transcript of Defendant Jordan ($777.24). *See* Dkt. 169-1 at 2.

Section 1920(2) expressly authorizes the taxation of "transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Transcripts obtained "merely for convenience, to aid in thorough preparation, or for investigative purposes" are not taxable. *See Barfield v. CSX Transp., Inc.*, No. 3:14-CV-1031-J-PDB, 2017 WL 4077042, at *1 n.4 (M.D. Fla. Sept. 14, 2017) (citing *EEOC v. W&O, Inc.*, 213 F.3d 600, 620, 623 (11th Cir. 2000)). Neither Defendant Jordan nor his attorney explain how the requested deposition transcript costs were "necessarily obtained" for use in this case. *See* Dkts. 169 & 169-1. They merely provide receipts for the purchases of these transcripts. Dkt. 167-1.

However, a review of the record shows that Defendant Jordan offered Mr. McKee's deposition transcript—which concerns the same issues presented in this case—as an exhibit at both the preliminary injunction hearing and trial. *See* Dkts. 107-1 & 165-1; *see also* Dkt. 159 at 9 (Defendants' written closing statement referencing Mr. McKee's deposition). Similarly, the trial transcript reflects that

4

Defendant Jordan offered the preliminary injunction hearing transcript as an exhibit. *See* Dkt. 159 at 4, 24 (Defendants' closing statement referencing preliminary injunction hearing transcript). The parties stipulated to the admission of these transcripts at trial. The Court therefore finds that Mr. McKee's deposition transcript[1] and the preliminary injunction hearing transcript were necessarily obtained for use in this case. *See, e.g.*, *LexJet Corp. v. Breathing Color, Inc.*, No. 8:11-cv-2828-T-30TBM, 2014 WL 3887517, at *1 (M.D. Fla. Aug. 7, 2014) (record revealed that transcript was necessarily obtained for use in case).

Though the record demonstrates the necessity of Mr. McKee's deposition transcript and the preliminary injunction hearing transcript, the same cannot be said of Defendant Jordan's deposition transcript. With no showing of how his deposition transcript was used in this case, Defendant Jordan is not entitled to recover that cost. Accordingly, of the $1,386.99 in transcript costs that Defendant seeks, he is entitled to recover $609.75.

## II.  Copying Costs

Next, Defendant Jordan requests $894.15 in copying costs. Dkt. 167. Like transcripts, copying costs are recoverable if "necessarily obtained for use in the

---

[1] Though Plaintiffs assert that Defendant Jordan could have obtained Mr. McKee's deposition transcript online at no cost, *see* Dkt. 170 at 1–2, they fail to specify the online location of the transcript. Mr. McKee's deposition transcript does not appear to be filed on the docket of the Leon County Circuit Court case in which the deposition was noticed. *See* Case No. 2014-CA-001217.

case." 28 U.S.C. 1920(4). Defendant Jordan and his attorney again provide no insight into the necessity of these costs. *See* Dkts. 169 & 169-1. In fact, none of the receipts provided by Defendant Jordan and his attorney pertain to copies. *See* Dkt. 167-1. Defendant Jordan has therefore failed to provide adequate evidence permitting the Court to determine the specific copying costs incurred. *See Loranger*, 10 F.3d at 784. With no showing of the substance of the copies or their purpose in this case, Defendant Jordan cannot recover these costs.

### III. Other Costs

Finally, Defendant Jordan seeks to recover $1,165.20 in other costs. Dkt. 167. This sum includes flash drive costs ($23.53), a mediation fee ($1,110.00), and what appears to be a shipping fee ($31.67). *Id.* None of these costs are recoverable under § 1920. *See Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012) (costs for shipping and items such as binders and tabs are not recoverable); *Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 F. App'x 837, 846 (11th Cir. 2008) (mediation expenses are not recoverable). Accordingly, the Court will not award Defendant Jordan $1,165.20 in other costs.

### CONCLUSION

Based on the foregoing, the Court **GRANTS-IN-PART and DENIES-IN-PART** Defendant Jordan's Proposed Bill of Costs, Dkt. 167. Following the Deputy

Clerk's entry of a final bill of costs, the Clerk is directed to enter judgment in favor of Defendant Jordan and against Plaintiffs in the amount of $609.75.

**DONE AND ORDERED** at Tampa, Florida, on April 26, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record